| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Thaddeus R. Maciag, Esq.<br>MACIAG LAW, LLC<br>475 Wall Street<br>Princeton, New Jersey  08540<br>(908)704-8800<br>Proposed Attorney for the Debtor-in-Possession | |
| In re:<br><br>   Mark Anthony Andreottis II,<br><br>                    Debtor-in-Possession . | Case No.: 17-15603-JKS<br><br>Chapter 13<br>Judge:  Hon. John K. Sherwood<br>Hearing Date : 9/12/2017, 10:00am |

## DEBTORS' MEMORANDUM OF LAW AND FACT
## IN OPPOSITION TO
## MOTION TO LIFT THE STAY
## FILED BY KEARNY BANK
## AS TO THE DEBTOR'S PROPERTY AT 150 6th STREET, HOBOKEN, N.J.

1. Debtor files this Memorandum of Law & Fact in opposition to the Motion to Lift the Stay filed by the Movant herein, Kearny Bank, as to the Real Property owned by the Debtor-in-Possession, at 150 6th Street, Hoboken, New Jersey.

2. The protections afforded a Debtor-in-Possession by 11 U.S.C. §362 are among the most fundamental protections afforded by the Bankruptcy Code.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions.  it permits the debtor to attempt a repayment or

>   reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>   [Legislative History to Section 362, United States Bankruptcy Code, at 11 U.S.C. §362]

3. As to the "breathing spell" intended to be afforded to the Debtors-in-Possession by 11 U.S.C. §362, it is noteworthy that at the time the instant Motion was filed, the instant Chapter 11 Reorganization case was only 49 days old, having commenced June 26, 2017, the date of the conversion order.

4. The United States Supreme Court has held that a secured creditor's right to protection does not include a creditor's right to immediate foreclosure, nor a right to, in effect, interest on the value of its collateral.

>   The language of other Code provisions that deal with the rights of secured creditors, and the substantive dispositions that those provisions effect, establish that the "interest in property" protected by Sec. 362(d)(1) **does not include a secured party's right to immediate foreclosure** . . . . Moreover, the meaning of Sec. 362(d)(1)'s "interest in property" phrase is clarified by the use of similar terminology in Sec. 506(a), where it must be interpreted to mean only the creditor's security interest in the property without regard to his right to immediate possession on default.
>   [United Sav. Ass'n v. Timbers of Inwood Forest, 484 U.S. 365, 108 S.Ct. 626, at 627 (1988) *(emphasis added)*]

### Inadequate Service – Failure to Serve the 20 Largest Creditors

5. In addition to the substantive grounds for opposition to the instant Motion as

presented hereinbelow, there is also a procedural issue with the instant Motion.

6. Debtor respectfully notes that the Certificate of Service as filed on the instant docket at Pacer #65-3 indicates that the instant Motion was not served in accord with Federal Rules of Bankruptcy Procedure 4001(a)(1) which requires that, in a Chapter 11 Reorganization case, any motion for relief from the automatic stay must be served on the 20 Largest Creditors. Here the Movant failed to serve the Motion on the 20 Largest Creditors, as required by the Federal Rules.

7. It is respectfully submitted that the Motion must therefore be re-served, and noticed for a revised hearing date, in accord with Fed. R. Bankr. Proc. 4001(a)(1).

## Equity Cushion

8. Adequate protection can be provided in the form of an "equity cushion" created by the value of a property over and above the amount of the lien or liens against it:

> "Although the existence of an equity cushion as a method of adequate protection is not specifically mentioned in §361, it is the classic form of protection for a secured debt justifying the restraint of lien enforcement by a bankruptcy court."
> [In re WRB W st Associates Joint Venture, 106 B.R. 215,219 - 220 (Bankr. D. Mont. 1989) (citing In re Curtis, 9 B.R. 110, 112 (Bankr. E.D. Pa. 1981)]

11. Given that, in the instant case, Movant Kearny Bank has a substantial Equity Cushion in the property (per the Schedules filed herein, the property is valued at

$800,000.00, and Kearny Bank's claim per Pacer 65-1 is only in the amount of $730,007.70), there is present an Equity Cushion, and Movant Kearny Bank accordingly has no right to immediate foreclosure).

## Adequate Protection Payments

12. New Jersey real estate prices are projected to increase by 3.99% in 2017, with New Jersey real estate sales projected to increase by 6.48%. *http://research.realtor.com/2017-national-housing-forecast/*, as accessed 5/25/2017. Hence, there is no reason to assume any "decrease in the value of [movant's] interest in such property" per 11 U.S.C. §361.

13. Further, 11 U.S.C. § 361(1) also provides that the Debtor can provide adequate protection to the secured creditor by way of making "a cash payment or periodic cash payments to such entity".

14. Assuming *arguendo*, that for any reason this Court find that there is not a sufficient Equity Cushion in regard to the property in question, the instant case, the Debtor will in any case propose to pay the movant bank 100% of the Net value of its collateral, through the Plan. The Debtor also proposes to the movant Bank that, pending Plan Confirmation, the Debtors will if there is insufficient Equity Cushion, commence making monthly Adequate Protection payments by way of the Debtors paying the full Property Taxes due on the property, and paying the full Property Insurance premiums due on the property.

15. Movant therefore — under Code Section 361(1) and <u>United Sav. Ass'n v. Timbers of Inwood Forest</u>, *supra* — accordingly has no right to immediate

foreclosure, nor to a lifting of the Stay for purposes of pursuing foreclosure.

## Conclusion

16. It is anticipated that the parties should likely be able to resolve this Motion by way of a Consent Order for Adequate Protection, as entered into per LBR 9013-3(a). Debtors nonetheless respectfully submit that if the parties are unable to agree on an LBR 9013-3(a) resolution of the issues at hand, then the instant Motion should be denied, based on the factual and legal arguments set forth hereinabove.

    Respectfully submitted,

    MACIAG LAW, LLC

    /s/Thaddeus R. Maciag
    Thaddeus R. Maciag, Esq.
Date: September 5, 2017    Attorney for the Debtor-in-Possession