| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>FORMAN HOLT<br>66 Route 17 North, First Floor<br>Paramus, NJ 07652<br>Telephone:  (201) 845-1000<br>Facsimile:  (201) 655-6650<br>Proposed Attorneys for Charles M. Forman,<br>Chapter 7 Trustee<br>Kim R. Lynch (KL-5866)<br>klynch@formanlaw.com | Order Filed on October 18, 2018<br>by Clerk U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>MARK ANTHONY ANDREOTTIS, II a/k/a MARK ANDREOTTI d/b/a PRAETORIAN INVESTOR SERVICES,<br>                                      Debtor. | Chapter:   7<br><br>Case No.:  17-15603 (JKS)<br><br>Hearing Date:  October 16, 2018<br>Hearing Time:  10:00 a.m. |

**ORDER AUTHORIZING TRUSTEE TO SELL REAL PROPERTY FREE
AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES
PURSUANT TO 11 U.S.C. §363 (b) and (f) AND THE INTEREST OF CO-OWNER
<u>PURUSANT TO 11 U.S.C. §363(h)</u>**

  The relief set forth on the following page, numbered two (2) through four (4) be and hereby is **ORDERED.**

**DATED: October 18, 2018**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

F0033839 - 2

Page 2
Debtor:      Mark Anthony Andreottis, II a/k/a Mark Andreotti d/b/a Praetorian Investor Services
Case No.     17-15603(JKS)
Caption:     Order Authorizing Trustee to Sell Real Property Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §363 (b) and (f) and Interest of Co-Owner Prusuant to 11 U.S.C. §363(h)

**THIS MATTER**, having been opened to the Court upon the motion of Charles M. Forman (the "Trustee"), chapter 7 trustee of Mark Anthony Andreottis a/k/a Mark Andreotti d/b/a Praetorian Investor Services (the "Debtor"), through his attorneys, Forman Holt, for entry of an Order Authorizing Trustee to Sell Estate's Interest in Real Property pursuant to 11 U.S.C. §§ 363(b) and (f) and 11 U.S.C. §363(h) to Kevin Murphy and Katia Montresor ("Buyers") for Five Hundred Eight Thousand ($580,000) Dollars (the "Motion"); and the Court having reviewed the pleadings submitted and written and oral objections, if any; and based upon the record established during the course of this case and counsels' argument at the hearing, the Court finds that:

A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of this case and this matter in this district is property under 28 U.S.C. §§ 1408 and 1409.

B.    As evidenced by the Certification of Service filed with the Court, proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure.

C.    The Trustee has satisfied the applicable criteria of 11 U.S.C. §363(b) and (f) and and Bankruptcy Rules 2002 and 6004 and therefore, the sale of the Property as contemplated in the Motion is determined to be appropriate.

D.    The consideration paid by Buyer is (i) fair and reasonable; (ii) the highest and best offer for the Property and (iii) constitutes reasonable equivalent value and fair consideration.

F0033839 - 2

Page 3
Debtor:     Mark Anthony Andreottis, II a/k/a Mark Andreotti d/b/a Praetorian Investor Services
Case No.    17-15603(JKS)
Caption:    Order Authorizing Trustee to Sell Real Property Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §363 (b) and (f) and Interest of Co-Owner Prusuant to 11 U.S.C. §363(h)

F. The sale of the Property to Buyer reflects the exercise of the Trustee's sound business judgment and a proper exercise of the Trustee's fiduciary duties.

G. Buyers are good faith purchasers for value.

**THEREFORE, IT IS ORDERED AS FOLLOWS:**

1. All objections to the Motion or to the sale of the Property to Buyer that have not been withdrawn, waived or settled are overruled on the merits.

2. The terms and conditions of the Contract[1] are approved in all respects.

3. The Trustee is authorized, directed and empowered to sell the Property to Buyers pursuant to 11 U.S.C. § 363(b) and to take all measures and further actions as may reasonably be required consistent with this Order for the purpose of effecting the proposed sale.

4. The Property shall be transferred to Buyers free and clear of all liens, claims, interests and encumbrances with valid liens, claims, interests and encumbrances to attach to proceeds to the extent of available funds.

5. The Property shall also be transferred free and clear of the interest of Melissa Couch Andreotti and the Trustee is authorized to sell the interest of Melissa Couch Andreotti in the Property pursuant to 11 U.S.C. §363(h). The Trustee is authorized to sign all documents on behalf of Melissa Couch Andreotti necessary and appropriate to transfer title to the Buyers as contemplated herein.

6. Except as set forth herein, the estate's interest in the Property is sold "AS IS and

---

1 Capitalized terms not otherwise defined herein shall have the same meaning as in the Trustee's Certification submitted in support of the Motion.

F0033839 - 2

Page 4
Debtor: Mark Anthony Andreottis, II a/k/a Mark Andreotti d/b/a Praetorian Investor Services
Case No. 17-15603(JKS)
Caption: Order Authorizing Trustee to Sell Real Property Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §363 (b) and (f) and Interest of Co-Owner Prusuant to 11 U.S.C. §363(h)

WHERE IS" and shall remain subject to all recorded and enforceable easements, rights of way, permissive and restrictive covenants, and pursuant to the Master Deed for 811 Willow Avenue Condominiums dated June 13, 2003 and recorded on June 13, 2003 in the Office of the Register of Hudson County at Deed Book 07068, page 00096, *et seq.* as the same may have been lawfully amended.

7. Buyers are good faith purchasers for value entitled to the protections afforded under 11 U.S.C. §363(m).

8. The court retains exclusive jurisdiction to enforce and implement this order and to resolve any disputes, controversies or claims arising out of or relating to this order or the contract.

9. All filing and recording officers are directed to accept, file and record all instruments of transfer to be filed and recorded pursuant to and in accordance with this order.

10. PNC Bank shall be entitled to $78,000 from the proceeds of sale of the Property, with such amount being in full and final satisfaction of the PNC Mortgage.

11. The Condo Association shall be paid an amount equal to six-months' association fees at closing and shall be reimbursed $700 for expenses related to the Property. Any deficiency owed to the Condo Association shall be treated as a timely filed general unsecured, non-priority claim.

12. The stay provided for under Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is hereby waived.

F0033839 - 2