| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Thaddeus R. Maciag, Esq.<br>MACIAG LAW, LLC<br>475 Wall Street<br>Princeton, New Jersey  08540<br>(908) 704-8800<br>Attorney for the Debtor-in-Possession | |
| In re:<br><br>    Mark Anthony Andreottis II,<br><br>                        Debtor-in-Possession. | Case No.:  17-15603-JKS<br>Chapter 11<br>Judge:  Hon. John K. Sherwood<br>Hearing Date: July 15, 2021, 10:00am |

**LIMITED OBJECTION**
**TO**
**TO CHAPTER 7 TRUSTEE'S FINAL REPORT (TFR)**
**AND**
**TRUSTEE'S PROPOSED FINAL DISTRIBUTION**

1. Maciag Law LLC, as Limited Objector and as an Administrative Claimant herein , makes this limited objection to the Chapter 7 Trustee's Final Report ("TFR")and Proposed Final Distribution *[see PACER #250* on the within docket, as on for hearing July 15, 2021.

2. The TFR states that the Chapter 7 Trustee collected $630,049.57 in this case, and the TFR in fact proposes there be awarded $34,752.48 in Chapter 7 Trustee Commissions, based on the trustee having collecting that $630,049.57 sum.

3. The TFR, at page 13, shows total "Chapter 7 fees and administrative expenses" of $73,498.60, and proposes to pay that $73,498.60 sum in full.

4. The TFR then, at page 14, shows total pre-conversion Chapter 11 fees and administrative expense of $18,759.12 and proposes to pay zero (-0-) of that sum.

5. For more than 120 years Debtors' Attorneys have been considered by Congress and the courts to be an integral part of the bankruptcy process, who should be paid fair compensation for their efforts, since bankruptcy professionals would be reluctant to

provide services to a bankruptcy debtor, unless their claims to payment were entitled to some priority ensured. *See Bankruptcy Act of 1898, ch. 541, §§ 59(d) and 64(b), 30 Stat. 561, 563*. See also *In re Kross*, 96 F. 816 (SDNY 1899). In the instant case, the Limited Objector's Chapter 11 administrative expenses of $18,759.12 were duly approved by this Court after Notice and Hearing [see the instant case docket at *PACER #120*, and at *PACER #209*].

6. 11 U.S.C §348(d) preserves the priority of pre-conversion administrative claims. 11 U.S.C. §726(b) does provide, in pertinent part, that administrative expense claims arising in the chapter 7 proceedings have priority over chapter 11 administrative expense claims: ". . . a claim allowed under section 503(b) of this title incurred under this chapter after such conversion has priority over a claim allowed under section 503(b) of this title incurred under any other chapter of this title or under this chapter before such conversion" . *[11 U.S.C. §726(b)]*.

7. With the Chapter 7 Trustee having in his final TFR report stated that he collected $630,049.57, there should be more than sufficient funds on hand to pay the Chapter 7 administrative fees and to also pay the Chapter 11 administrative fees, in full accord with 11 U.S.C. §726(b) .

8. The only reason in the TFR that suggests a possible reason for paying zero ($-0-) to the Chapter 11 administrative fees would be because the TFR shows, at its page 1 of 15, a lone reference to $555,760.88 of other "administrative expenses", thus leaving a net balance of only $73,498.60, which latter sum is then sufficient to only pay Chapter 7 administrative fees, but not the Chapter 11 pre-conversion administrative fees.

9. Perhaps the undersigned has overlooked something, but a careful perusal of the 15-page Trustee's Final Report (TFR) reveals no indication whatsoever as to whom this $555,760.88 in "administrative expenses" was paid, nor to what purpose, and we respectfully submit that such disclosure should be made, consistent with the intent of *28 CFR §58.7(a)(4).*

10. Without a disclosure in the TFR as to whom this $555,760.88 was or is to be paid, and to what purpose it was paid, there is no way to determine if it was spent on valid

administrative expenses bearing a higher priority than the Court-approved Chapter 11 administrative expenses. [see *PACER #120* and *PACER #209*].

11. The undersigned therefore, as Limited Objector, objects to approval of the Trustee's Final Report and Proposed Final Distribution unless disclosure is made as to the facts of the stated $555,760.88 "administrative expense". If that disclosure is satisfactory, then this Limited Objection will likely be promptly withdrawn, albeit with the undersigned respectfully reserving the right to make further objection if appropriate, after such disclosure has been made.

Respectfully submitted,

MACIAG LAW, LLC

/s/ Thaddeus R. Maciag
Thaddeus R. Maciag Esq.

Date: June 25, 2021